## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

**CAROLEE RADA,**

**Plaintiff**

**v.**                                                              **CA. NO.  10-11676**

**EXPERIAN INFORMATION SOLUTIONS, INC.**

**and**

**TRANS UNION, LLC.**

**and**

**EQUIFAX INFORMATION SERVICES, LLC,**

**and**

**CITIBANK, (SOUTH DAKOTA), N.A.**

**Defendants**

---

## COMPLAINT

COMES NOW the Plaintiff, CAROLEE RADA (hereafter the "Plaintiff"), by counsel, and for her complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1.     This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act) and M.G.L. c. 93 and c. 93A.

### JURISDICTION

2.     The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C.

§1367.  Venue is proper as all relevant events occurred in this District and Defendants operate in

Massachusetts through statutory and/or registered agents located in this division.

## PARTIES

3.      The Plaintiff is a natural person and resident of the State of Massachusetts.  She is

a "consumer" as defined by 15 U.S.C. §1681a(c) and 15 U.S.C. §1682(a)(3), as well as M.G.L.

c. 93, §50.

4.      Upon information and belief, ***EXPERIAN INFORMATION SOLUTIONS, INC.***

 ("***Experian***") is a corporation authorized to do business in the State of Massachusetts through its

registered agent's office.

5.      Upon information and belief, ***Experian*** is a "consumer reporting agency", as

defined in 15 U.S.C. §1681(f) and M.G.L. c. 93, §50.  Upon information and belief, ***Experian*** is

regularly engaged in the business of assembling, evaluating, and disbursing information

concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C.

§1681(d), to third parties.

6.      Upon information and belief, ***Experian*** disburses such consumer reports to third

parties under contract for monetary compensation.

7.      Upon information and belief, ***TRANS UNION, LLC***.  ("***Trans Union***") is a

corporation authorized to do business in the State of Massachusetts through its registered agent's

office.

8.      Upon information and belief, ***Trans Union*** is a "consumer reporting agency", as

defined in 15 U.S.C. §1681(f) and M.G.L. c. 93, §50.  Upon information and belief, ***Trans***

***Union*** is regularly engaged in the business of assembling, evaluating, and disbursing information

concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C.

§1681(d), to third parties.

9.      Upon information and belief, *Trans Union* disburses such consumer reports to third parties under contract for monetary compensation.

10.     Upon information and belief, *EQUIFAX INFORMATION SERVICES, LLC.* ("*Equifax*") is a corporation authorized to do business in the State of Massachusetts through its registered agent's office.

11.     Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f) and M.G.L. c. 93, §50.  Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

12.     Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

13.     Upon information and belief, *CITIBANK (SOUTH DAKOTA), NA* ("*Citibank*") is a national banking association doing business in the State of Massachusetts as a creditor.

## FACTS

14.     On or about January 2007 Plaintiff's husband mailed a $10,000.00 Bank of America check for a payment to the Plaintiff's *Citibank* account *(hereinafter referred to as "Citibank")*.

15.     At the time that *Citibank* received this payment it made a posting mistake and only credited the payment as $1,000.00, instead of the intended $10,000.00 as the check had been written.

16.     When Plaintiff and her husband noticed the error in January, 2007, they phoned both *Citibank* and Bank of America to alert them that an error had been made with the posting of

the check to the Plaintiff's account.  Uncertain as to the explanation for the error, Plaintiff's husband then authorized Bank of America to make a phone transfer of an additional $9,000.00 to *Citibank*.

17.     *Citibank'*s representative confirmed a mistake had been made and Plaintiff's account was credited an additional $9,000.00 on January 22, 2007 for a total of $10,000 on the original check.  Because of the additional $9,000.00 phone transfer, a total of $19,000 in payments was made in January 2007.

18.     Six months later in June 2007, Plaintiff's husband's Bank of America account was debited the additional $9,000.00 from the original paper convenience check.

19.     However, in May 2008, Plaintiff received her *Citibank* statement showing a "payment correction" reversal of the $9,000.00 credited on January 22, 2007 – resulting in her *Citibank* account balance jumping by $9,000.00 to over  $19,000.00.

20.     *Citibank* was immediately notified that it had again made an error and that the second $9,000.00 credit had been paid by Bank of America back in June of 2007.  *Citibank* was provided paper proof for the Bank of America transactions to validate that the monies had in fact been previously paid to *Citibank*.

21.     While the Plaintiff continued her attempt to resolve this dispute, *Citibank* increased the interest rate on the Plaintiff's account in May 2008 from 15.50% to 28.99%, and *Citibank* began charging the Plaintiff $38.00 in late fees each month because the minimum payment which had now tripled was not paid in full each month even though Plaintiff continued to make monthly payments.

22.     In August 2008, Plaintiff received a letter from *Citibank* stating that the dispute was resolved in her favor and the interest and late fees would be removed from the account in the next billing statement.  However, no credits were thereafter ever made to the Plaintiff's account.

23.     Several phone calls were made to supervisors at *Citibank* who claimed they were checking into the dispute; however, no response was ever received.

24.     Upon information and belief, *Citibank* began reporting the Plaintiff's account to the Consumer Reporting Agencies with the inaccurate balance and as late and over its credit limit.  *Citibank* also began reporting the account as a charge off in March 2009.

25.     In October 2008, Plaintiff mailed a dispute letter to *Citibank* with a summary of events including all transactions, phone calls, correspondence, Bank of America documentation, Bank of America and *Citibank* statements and the *Citibank* letter of August 2008.  No response to this correspondence was ever received by the Plaintiff from *Citibank*.

26.     In February, 2009 a second written dispute letter was delivered to local *Citibank* branch manager in Lexington, Massachusetts..  The Branch Manager reviewed all of the documents  and was very helpful in trying to help resolve the problem.  The Branch Manager faxed documents and followed up with a phone call to the person she faxed the documents to so that it was completely clear that *Citibank* received the verifications and understood the complexity of the letters.  The Plaintiff and her husband were told to expect a response within 10 days.   After 12 days – the Plaintiff and her husband phoned *Citibank* and were told to start from the beginning.

27.     The Plaintiff never received a response to her February 2009 dispute.  Instead her account was sent to collection and she was contacted by a collection attorney.

28.     In June 2009, Plaintiff obtained a copy of her tri-merge credit report and learned

that *Experian, Trans Union* and *Equifax* were reporting the *Citibank* account derogatorily as a charged off and placed for collection account (the "*Citibank* reporting").

29.     The *Citibank* reporting was inaccurate and incomplete.

30.     *Citibank* had failed to follow any reasonable procedures to ensure that the Citibank reporting was accurate and complete, and reflected the Plaintiff's dispute.

31.     *Citibank* knew and/or had reasonable cause to believe that the Citibank reporting was not accurate or complete.

32.     During all times relevant hereto, the completeness or accuracy of the *Citibank* reporting was subject to a continuing bona fide dispute between the Plaintiff and *Citibank*.

33.     Plaintiff has disputed the *Citibank* account with *Experian, Trans Union* and *Equifax* multiple times since July 2008.

34.     Defendants each received, but ignored, the Plaintiff's disputes and did refuse to delete the inaccurate information regarding the account from the Plaintiff's credit file.

35.     Defendants each had actual knowledge of this inaccuracy and deliberately chose to ignore and permit the reporting of the derogatory information.

36.     After receiving Plaintiff's notice of the inaccuracy and within the two years preceding the filing of this action, *Experian, Trans Union* and *Equifax* each prepared and published to third parties multiple inaccurate consumer reports about Plaintiff that contained the inaccurate derogatory *Citibank* account.

37.     *Experian, Trans Union* and *Equifax* each received Plaintiff's multiple disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law. Instead, they merely "parroted" the information dictated by *Citibank*.

38.     Upon information and belief, Plaintiff alleges that on one or more occasions *Experian, Trans Union* and *Equifax* each forwarded Plaintiff's disputes to *Citibank*.  Upon

information and belief, ***Citibank*** was provided notice of Plaintiff's disputes and despite this notice, it failed and refused to investigate and correct its inaccurate reporting.

39.     During the entire time that ***Citibank*** has reported the derogatory history on the Plaintiff's account, the account has been subject to an unresolved bona fide dispute by the Plaintiff.  Despite this fact, ***Citibank*** has not consistently included a notice in the Citibank reporting that the Plaintiff had disputed such information and continued to report to ***Experian, Trans Union*** and ***Equifax*** that the account was delinquent.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681e(b)
### (Experian, Trans Union and Equifax)

40.     The Plaintiff realleges and incorporates paragraphs 1 through 39 above as if fully set out herein.

41.     ***Experian, Trans Union*** and ***Equifax*** each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files they published and maintain concerning the Plaintiff.

42.     As a result of the conduct, actions and inactions of ***Experian, Trans Union*** and ***Equifax***, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:   loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

43.     ***Experian, Trans Union*** and ***Equifax***'s conduct, actions and inactions were willful, rendering them each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, ***Experian, Trans Union*** and ***Equifax*** were each negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

44.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and

attorney's fees from **Experian, Trans Union** and **Equifax** in an amount to be determined by the Court pursuant to 15 U.S.C.  §1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(1)
### (Experian, Trans Union and Equifax)

45.     Plaintiff realleges and incorporates paragraphs 1 through 44 above as if fully set out herein.

46.     **Experian, Trans Union** and **Equifax** each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit files.

47.     As a result of the conduct, actions and inactions of **Experian, Trans Union** and **Equifax**, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:   loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

48.     **Experian, Trans Union** and **Equifax** 's conduct, actions and inactions were willful, rendering them each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, **Experian, Trans Union** and **Equifax** were each negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

49.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from **Experian, Trans Union** and **Equifax** in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(2)
### (Experian, Trans Union and Equifax)

50.  Plaintiff realleges and incorporates paragraphs 1 through 49 above as if fully set out

herein.

51.     *Experian, Trans Union* and *Equifax* each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide notification of the Plaintiff's disputes to *Citibank* and by failing to include all relevant information regarding the Plaintiff's disputes.

52.     As a result of the conduct, actions and inactions of *Experian, Trans Union* and *Equifax*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:   loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

53.     *Experian, Trans Union* and *Equifax* 's conduct, actions and inactions were willful, rendering them each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *Experian, Trans Union* and *Equifax* were each negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

54.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian, Trans Union* and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(4)
### (Experian, Trans Union and Equifax)

55.     Plaintiff realleges and incorporates paragraphs 1 through 54 above as if fully set out herein.

56.     *Experian, Trans Union* and *Equifax* each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider <u>all</u> relevant information submitted by Plaintiff.

57.     As a result of the conduct, actions and inactions of *Experian, Trans Union* and *Equifax*, the Plaintiff suffered actual damages including without limitation, by example only and as

described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

58.     ***Experian, Trans Union*** and ***Equifax*** 's conduct, actions and inactions were willful, rendering them each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, ***Experian, Trans Union*** and ***Equifax*** were each negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

59.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from ***Experian, Trans Union*** and ***Equifax*** in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(5)(A)
### (Experian, Trans Union and Equifax)

60.     Plaintiff realleges and incorporates paragraphs 1 through 59 above as if fully set out herein.

61.     ***Experian, Trans Union*** and ***Equifax*** each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit files or modify the Citibank reporting information upon an accurate reinvestigation.

62.     As a result of the conduct, actions and inactions of ***Experian, Trans Union*** and ***Equifax***, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

63.     ***Experian, Trans Union*** and ***Equifax*** 's conduct, actions and inactions were willful, rendering them each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, ***Experian, Trans Union*** and ***Equifax***

were each negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

64.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian, Trans Union* and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681s-2(b)(1)(A)
### (Citibank)

65.     Plaintiff realleges and incorporates paragraph 1 through 64 above as if fully set out herein.

66.     Within two years prior to the filing of this suit, by example only and without limitation, *Citibank* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the *Citibank* reporting after receipt of notice of such disputes from *Experian, Trans Union* and *Equifax*.

67.     As a result of the conduct, actions and inactions of *Citibank*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:   loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

68.     *Citibank***'s** conduct, action and inaction was willful, rendering *Citibank* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *Citibank* was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

69.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Citibank* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681s-2(b)(1)(B)
### (Citibank)

70.    Plaintiff realleges and incorporates paragraphs 1 through 69 above as if fully set out herein.

71.    Within two years prior to the filing of this suit, by example only and without limitation, *Citibank* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies with Plaintiff's disputes.

72.    As a result of the conduct, actions and inactions of *Citibank*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

73.    *Citibank's* conduct, action and inaction was willful, rendering *Citibank* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *Citibank* was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

79.    The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Citibank* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681s-2(b)(1)(C)and(D)
### (Citibank)

80.    Plaintiff realleges and incorporates paragraphs 1 through 79 above as if fully set out herein.

81.    Within two years prior to the filing of this suit, by example only and without limitation, *Citibank* violated the Fair Credit Reporting Act, 15 U.S.C. §681s-2(b)(1)(C) and (D) by publishing the *Citibank* representation within Plaintiff's credit file with Experian, Trans

Union and Equifax by failing to accurately and completely report the results of a lawful investigation to each other credit reporting agency.

82.     As a result of the conduct, actions and inactions of *Citibank*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

83.     *Citibank's* conduct, action and inaction was willful, rendering *Citibank* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *Citibank* was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

84.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Citibank* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT NINE: VIOLATION OF M.G.L. c. 93, §54A(a)
## (Citibank)

85.     Plaintiff realleges and incorporates paragraphs 1 through 84 above as if fully set out herein.

86.     On multiple occasions during the last two years, *Citibank* violated M.G.L. c. 93, §54A(a) by failure to follow reasonable procedures to ensure that the Citibank reporting was accurate and complete and by providing such information to *Experian, Trans Union* and *Equifax* when it knew and had reasonable cause to believe that such information was not accurate or complete.

87.     As a result of this conduct by *Citibank*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other emotional and

mental distress.

88.    ***Citibank's*** conduct, action and inaction as alleged herein was willful, rendering ***Citibank*** liable for punitive damages in an amount to be determined by the Court pursuant to M.G.L. c. 93, §63.  In the alternative, ***Citibank*** was negligent entitling the Plaintiff to recover under M.G.L. c. 93, §64.

89.    The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from ***Citibank*** in an amount to be determined by the Court pursuant to M.G.L. c. 93, §§63 and 64.

## <u>COUNT TEN: VIOLATION OF M.G.L. c. 93, §49 and c. 93A</u><br><u>(Citibank)</u>

90.    Plaintiff realleges and incorporates paragraphs 1 through 89 above as if fully set out herein.

91.    On or about December 11, 2009, Plaintiff made a demand upon ***Citibank*** pursuant to M.G.L. c. 93A, §9.

92.    ***Citibank*** refused or failed to make any reasonable offer of settlement in response to the c. 93A letter.

93.    ***Citibank*** has violated M.G.L. c. 93A and the Attorney General's regulations promulgated thereunder (940 C.M.R. 3.01 <u>et</u> <u>seq.</u>).

94.    Specifically, ***Citibank*** violated M.G.L. c. 93, §49 by attempting to collect a debt incurred by the plaintiff primarily for personal, family or household purposes in an unfair, deceptive or unreasonable manner.  Since 2008, despite its actual knowledge that its balance and status was incorrect and did not reflect the payment of $9,000 by Plaintiff, Citibank made numerous collection calls and mailed multiple billing and collection attempts to the Plaintiff repeatedly demanding payment of the previously paid amount.

95.     *Citibank* violated 940 C.M.R. 7.07(2) by making false or misleading representations as to the character, extent and/or amount of the plaintiff's debt in communications to her and collection attorneys as set forth above.

96.     Excluded from Plaintiff's claim herein are violations of M.G.L. c. 93, §49 and/or c. 93A founded solely upon *Citibank's* credit reporting.

97.     As a result of this conduct by *Citibank*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of money, embarrassment, humiliation and other emotional and mental distress.

98.     Citibank's conduct as alleged herein also may have the effect of causing such loss of money by the Plaintiff.

99.     *Citibank*'s conduct, action and/or inaction as alleged herein was willful and/or knowing, rendering *Citibank* liable for treble damages pursuant to M.G.L. c. 93A, §9.

100.    The Plaintiff is entitled to recover actual damages, costs and attorney's fees from *Citibank* in an amount to be determined by the Court pursuant to M.G.L. c. 93A, §9.

101.    *Citibank's* refusal to grant relief upon demand was in bad faith, with knowledge or reason to know that the acts or practices complained of violated c. 93A, §2.

102.    Plaintiff also seeks an injunction pursuant to M.G.L. c. 93A, §9 to prohibit any further attempts by Citibank to collect the subject account.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for an injunction as pled; for her attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.


**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted

**CAROLEE RADA,**
By her attorney:


/s/ Elizabeth A. Miller
Elizabeth A. Miller
Attorney at Law
BBO #559347
P.O. Box 66026
Auburndale, MA 02466
Telephone: (617) 467-4335
elizabethamiller@comcast.net


Leonard A. Bennett, *pro hac vice* pending
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
Telephone: (757) 930-3660
lenbennett@cox.net


Date:  September 30, 2010