## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CAROLEE RADA**<br><br>         **Plaintiff,**<br><br>   **- against –**<br><br>**EXPERIAN INFORMATION SOLUTIONS INC.,**<br>**TRANS UNION LLC,**<br>**EQUIFAX INFORMATION SERVICES, LLC.,**<br>**AND CITIBANK, (SOUTH DAKOTA), N.A.,**<br><br>     **Defendants.** | **No. 10-cv-11676 (RWZ)**<br><br>**Electronically filed** |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
## EXPERIAN INFORMATION SOLUTIONS, INC.

Defendant Experian Information Solutions, Inc., ("Experian") by its undersigned attorneys, Bourgeois, Dresser, White & McGourthy, LLP, answers the Complaint filed by Plaintiff Carolee Rada (hereinafter "Plaintiff") as follows:

In answering the Complaint, Experian denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.  In response to the specific allegations in the enumerated paragraphs in the Complaint, Experian responds as follows:

### Response to Preliminary Statement

1.      In response to paragraph 1 of the Complaint, Experian admits that Plaintiff has described her claim as being based on the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*,

as amended, and M.G.L. c. 93 and c. 93A.  Experian states that this is a legal conclusion that is not subject to denial or admission.

## Response to Jurisdiction

2.      In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction, based on 15 U.S.C. § 1681p and 28 U.S.C. § and 1337, and proper venue. Experian states that these are a legal conclusions that are not subject to denial or admission.

## Response to Parties

3.      In response to paragraph 3 of the Complaint, Experian admits that upon information and belief, plaintiff is a natural person.  The remaining allegations contained in paragraph 3 are legal conclusions, which are not subject to denial or admission.

4.      In response to paragraph 4 of the Complaint, Experian admits that it is authorized to do business in the State of Massachusetts.  Except as specifically admitted, Experian denies the remaining allegations in paragraph 4 of the Complaint.

5.      In response to paragraph 5 of the Complaint, Experian denies that 15 U.S.C. § 1681(f) defines "consumer reporting agency."  Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).  Experian denies that 15 U.S.C. § 1681(d) defines consumer reports.  Experian admits that as a consumer reporting agency, it issues consumer reports as defined by 15 U.S.C. § 1681a(d).

6.      In response to paragraph 6 of the Complaint, Experian admits the allegations contained therein.

7–9.     Paragraphs 7–9 of the Complaint pertain to Trans Union, LLC ("Trans Union")

only.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 7–9 of the Complaint and therefore denies the same.

10–12. Paragraphs 10–12 of the Complaint pertain to Equifax Information Services, LLC ("Equifax") only.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 10–12 of the Complaint and therefore denies the same.

13.     Paragraph 13 of the Complaint pertains to Citibank (South Dakota), N.A. ("Citibank") only.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 13 of the Complaint and therefore denies the same.

## Response to Facts

14–23.     Paragraphs 14–23 of the Complaint relate to persons other than Experian, thus no response from Experian should be required.  To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 14–23 of the Complaint and therefore denies the same.

24.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 24 of the Complaint and therefore denies the same. To the extent that paragraph 24 of the Complaint contains allegations relating to persons other than Experian, no response from Experian should be required.

25–27.     Paragraphs 25–27 of the Complaint relate to persons other than Experian, thus no response from Experian should be required.  To the extent a response is required, Experian

NYI-4327817v1

lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 25–27 of the Complaint and therefore denies the same.

28.     Experian admits that it reported Plaintiff's Citibank account as charged off. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 28 of the Complaint and therefore denies the same.

29-32.  Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 29-32 of the Complaint and therefore denies the same.

33.     Experian admits the allegations contained in paragraph 33 of the Complaint as they pertain to Experian.  To the extent that paragraph 33 of the Complaint contains allegations relating to persons other than Experian, no response from Experian should be required.  To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 33 and therefore denies the same.

34.     Experian admits that it received Plaintiff's disputes regarding her Citibank account and that Experian did not delete the Citibank account.  Experian denies the remaining allegations contained in paragraph 34 of the Complaint as they relate to Experian.  To the extent that paragraph 34 of the Complaint contains allegations relating to persons other than Experian, no response from Experian should be required.  To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 34 and therefore denies the same.

35.     Experian denies the allegation contained in Paragraph 35 of the Complaint as they

relate to Experian.  To the extent that paragraph 35 of the Complaint contains allegations relating to persons other than Experian, no response from Experian should be required.  To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 35 and therefore denies the same.

36.     Experian admits that it provided consumer reports to third parties that included Plaintiff's Citibank account.  Experian denies the remaining allegations contained in paragraph 36 of the Complaint as they relate to Experian.  To the extent that paragraph 36 contains allegations relating to persons other than Experian, no response from Experian should be required.  To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 36 and therefore denies the same.

37.     Experian admits that it received Plaintiff's disputes, but denies the remaining allegations contained in paragraph 37 of the Complaint.  To the extent paragraph 37 contains legal conclusions or allegations relating to persons other than Experian, no response should be required.  To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 37 and therefore denies the same.

38.     Experian admits the allegations contained in paragraph 38 of the Complaint as they relate to Experian.  To the extent paragraph 38 contains legal conclusions or allegations directed toward persons other than Experian, Experian states that no response from Experian should be required.  To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 38

- 5 -

and therefore denies the same.

39.     Paragraph 39 of the Complaint relate to persons other than Experian, thus no response from Experian should be required.  To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 39 and therefore denies the same.

### Response to Count One

40.     Experian incorporates its responses to the allegations contained in paragraphs 1–39 as if fully set forth herein.

41.     Experian denies the allegations contained in paragraph 41 of the Complaint.

42.     Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 42 of the Complaint.

43.     Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 43 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 43 of the Complaint.  Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 43 of the Complaint.  Experian further denies the remaining allegations in paragraph 43 of the Complaint.

44.     Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 44 of the Complaint.

### Response to Count Two

45.     Experian incorporates its responses to the allegations contained in paragraphs

1–44 as if fully set forth herein.

46.        Experian denies the allegations contained in paragraph 46 of the Complaint.

47.        Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 47 of the Complaint.

48.        Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 48 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 48 of the Complaint.  Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 48 of the Complaint. Experian further denies the remaining allegations in paragraph 48 of the Complaint.

49.        Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 49 of the Complaint.

**<u>Response to Count Three</u>**

50.        Experian incorporates its responses to the allegations contained in paragraphs 1–49 as if fully set forth herein.

51.        Experian denies the allegations contained in paragraph 51 of the Complaint.

52         Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 52 of the Complaint.

53.        Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 53 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 53 of the Complaint.  Experian further denies that it is liable to Plaintiff for the

- 7 -

requested relief or for any relief whatsoever, as alleged in paragraph 53 of the Complaint. Experian further denies the remaining allegations in paragraph 53 of the Complaint.

54.        Experian denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever, as alleged in paragraph 54 of the Complaint.

## Response to Count Four

55.        Experian incorporates its responses to the allegations contained in paragraphs 1–54 as if fully set forth herein.

56.        Experian denies the allegations contained in paragraph 56 of the Complaint.

57.        Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 57 of the Complaint.

58.        Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 58 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 58 of the Complaint.  Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 58 of the Complaint. Experian further denies the remaining allegations in paragraph 58 of the Complaint.

59.        Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 59 of the Complaint.

## Response to Count Five

60.        Experian incorporates its responses to the allegations contained in paragraphs 1–59 as if fully set forth herein.

61.        Experian denies the allegations contained in paragraph 61 of the Complaint.

62.        Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 62 of the Complaint.

63.        Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 63 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 63 of the Complaint.  Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 63 of the Complaint. Experian further denies the remaining allegations in paragraph 63 of the Complaint.

64.        Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 64 of the Complaint.

## Response to Count Six

65.        Experian incorporates its responses to the allegations contained in paragraphs 1–64 as if fully set forth herein.

66–69.        Paragraphs 66–69 of the Complaint relate to persons other than Experian, thus no response from Experian should be required.  To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 66–69 of the Complaint and therefore denies the same.

## Response to Count Seven

70.        Experian incorporates its responses to the allegations contained in paragraphs 1–69 as if fully set forth herein.

NYI-4327817v1

71–79.     Paragraphs 71–79 of the Complaint relate to persons other than Experian, thus no response from Experian should be required.  To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 71–79 of the Complaint and therefore denies the same.

### Response to Count Eight

80.     Experian incorporates its responses to the allegations contained in paragraphs 1–79 as if fully set forth herein.

81–84.     Paragraphs 81–84 of the Complaint relate to persons other than Experian, thus no response from Experian should be required.  To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 81–84 of the Complaint and therefore denies the same.

### Response to Count Nine

85.     Experian incorporates its responses to the allegations contained in paragraphs 1–84 as if fully set forth herein.

86–89.     Paragraphs 86–89 of the Complaint relate to persons other than Experian, thus no response from Experian should be required.  To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 86–89 of the Complaint and therefore denies the same.

### Response to Count Ten

90.     Experian incorporates its responses to the allegations contained in paragraphs

1–89 as if fully set forth herein.

91–102.    Paragraphs 91–102 of the Complaint relate to persons other than Experian, thus no response from Experian should be required.  To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 91–102 of the Complaint and therefore denies the same.

## FIRST AFFIRMATIVE DEFENSE
### (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## SECOND AFFIRMATIVE DEFENSE
### (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## THIRD AFFIRMATIVE DEFENSE
### (INDEMNIFICATION)

Any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

NYI-4327817v1

## FOURTH AFFIRMATIVE DEFENSE

## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

## (CONTRIBUTORY/COMPARATIVE FAULT)

Any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SIXTH AFFIRMATIVE DEFENSE

## (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE

## (REASONABLE PROCEDURES)

At all times relevant to the Complaint, Experian followed reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit reports.

## EIGHTH AFFIRMATIVE DEFENSE

## (INTERVENING CAUSES)

Plaintiff's alleged injuries were not caused by Experian, but by independent intervening

- 12 -

causes which had no relation in fact to any conduct of Experian.

## NINTH AFFIRMATIVE DEFENSE

## (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses as such time and to

such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action
be dismissed in its entirety;

(2)     For costs of suit and attorney's fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated: Worcester, Massachusetts                   Respectfully submitted,
       November 29, 2010

                                                  /s/  *Robert S. White*
                                                  Robert S. White (BBO # 552229)
                                                  Bourgeois, Dresser, White & McGourthy,
                                                  LLP
                                                  4 Dix Street
                                                  Worcester, MA 01609
                                                  Tel. (508) 798-8801
                                                  Fax (508) 754-1943
                                                  rsw@bdwlaw.com


                                                  *Attorneys for Defendant*
                                                  *Experian Information Solutions, Inc.*

NYI-4327817v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of November, 2010, I caused a copy of Defendant Experian Information Solutions, Inc.'s Answer and Affirmative Defenses to be filed with the Clerk of Court and served on all parties using the CM/ECF system

Dated:  Worcester, MA
          November 29, 2010

Respectfully submitted,

/s/  *Robert S. White*
Robert S. White (BBO # 552229)
Bourgeois, Dresser, White & McGourthy, LLP
4 Dix Street
Worcester, MA 01609
Tel. (508) 798-8801
Fax (508) 754-1943
rsw@bdwlaw.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*