UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CAROLEE RADA,
                    Plaintiff,

v.                                                    Civil Action No. 1:10-CV-11676-RWZ

EXPERIAN INFORMATION SOLUTIONS,
INC., TRANS UNION, LLC, EQUIFAX
INFORMATION SERVICES, LLLC and
CITIBANK, (SOUTH DAKOTA), N.A.,
                    Defendants.

## ANSWER OF DEFENDANT CITIBANK (SOUTH DAKOTA), N.A.

Defendant Citibank (South Dakota), N.A. ("Citibank") hereby answers the allegations of

Plaintiff Carolee Rada's Complaint as follows:

### PRELIMINARY STATEMENT

1.      Paragraph 1 of the Complaint calls for a conclusion of law to which no response

is required; to the extent a response is required, Citibank admits that Plaintiff alleges certain

claims set forth in the Complaint, but denies that Citibank has any liability to Plaintiff for such

claims or otherwise.

### JURISDICTION

2.      Paragraph 2 of the Complaint calls for a conclusion of law to which no response

is required; to the extent a response is required, Citibank admits jurisdiction and venue are

appropriate based on Plaintiff's allegations, but denies that Citibank operates in Massachusetts

through statutory and/or registered agents located in this division.  Citibank further states that

Plaintiff's claims are subject to arbitration at the election of either party pursuant to written terms

and conditions governing Plaintiff's credit card account.

**PARTIES**

3.      Paragraph 3 of the Complaint calls for a conclusion of law to which no response is required.  By way of further answer, Citibank states that Carolee Rada is a natural person and, upon information and belief, a resident of the Commonwealth of Massachusetts.

4.      The allegations contained in Paragraph 4 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank is without sufficient information to admit or deny the allegations contained in Paragraph 4 of the Complaint.

5.      The allegations contained in Paragraph 5 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank is informed and believes that Experian is a consumer reporting agency.

6.      The allegations contained in Paragraph 6 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, based on the vagueness of the allegation, Citibank is without sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint.

7.      The allegations contained in Paragraph 7 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank is without sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint.

8.      The allegations contained in Paragraph 8 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank is informed and believes that Trans Union is a consumer reporting agency.

9.      The allegations contained in Paragraph 9 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, based on the vagueness of the allegation, Citibank is without sufficient information to admit or deny the allegations contained in Paragraph 9 of the Complaint.

10.     The allegations contained in Paragraph 10 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank is without sufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11.     The allegations contained in Paragraph 11 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank is informed and believes that Equifax is a consumer reporting agency.

12.     The allegations contained in Paragraph 12 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, based on the vagueness of the allegation, Citibank is without sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13.     Citibank admits that it is a national bank located in Sioux Falls, South Dakota, and that it issues credit cards to residents of  the Commonwealth of Massachusetts, but denies any and all remaining allegations contained in Paragraph 13 of the Complaint.

**FACTS**

14.     Citibank admits receipt of check number 1012 in January 2007 in the amount of $10,000 that was to be applied to Plaintiff's consumer credit card account bearing Account No.

[1], but is without sufficient information to admit or deny the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Citibank admits there was an initial encoding error with respect to a $10,000 check it received in January 2007 to be applied to Plaintiff's Account in that only a $1,000 credit was processed instead of a $10,000 credit, but denies any and all remaining allegations contained in Paragraph 15 of the Complaint.

16.     Citibank admits it was informed in January 2007 that a credit for $1,000 posted to Plaintiff's Account instead of a credit in the amount of $10,000, is without sufficient information to admit or deny allegations pertaining to communications between other parties, and denies any and all remaining allegations contained in Paragraph 16 of the Complaint.

17.     Citibank admits that it credited Plaintiff's Account an additional $9,000 on January 22, 2007, but denies any and all remaining allegations contained in Paragraph 17 of the Complaint.

18.     Citibank is without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19.     Citibank admits that the monthly Account statement for the period closing May 2, 2008 reflects a payment correction of $9,000, states that the monthly statement speaks for itself, and denies any and all remaining allegations contained in Paragraph 19 of the Complaint.

20.     Citibank denies the allegations contained in Paragraph 20 of the Complaint.

21.     Citibank states that the monthly statements speak for themselves and denies any and all remaining allegations contained in Paragraph 21 of the Complaint.

---

[1] Portions of the account number were redacted in accordance with Local Rule 5.3.

22.     Citibank is without sufficient information to admit or deny the allegations contained in Paragraph 22 of the Complaint.

23.     Citibank is without sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint.

24.     Citibank admits that it previously reported payment status and history for the Account but otherwise denies the allegations contained in Paragraph 24 of the Complaint.

25.     Citibank admits receiving a letter regarding the Account in October 2008, states that the letter speaks for itself, and denies any and all remaining allegations contained in Paragraph 25 of the Complaint.

26.     Citibank admits receiving a letter dated February 2, 2009, states that the letter speaks for itself, and denies any and all remaining allegations contained in Paragraph 26 of the Complaint.

27.     Citibank admits that it sent the Account to collection, but denies any and all remaining allegations contained in Paragraph 27 of the Complaint.

28.     Citibank is without sufficient information to admit or deny the allegations contained in Paragraph 28 of the Complaint.

29.     Citibank denies the allegations contained in Paragraph 29 of the Complaint.

30.     Citibank denies the allegations contained in Paragraph 30 of the Complaint.

31.     Citibank denies the allegations contained in Paragraph 31 of the Complaint.

32.     Citibank denies the allegations contained in Paragraph 32 of the Complaint.

33.     Citibank is without sufficient information to admit or deny the allegations contained in Paragraph 33 of the Complaint.

34.     Citibank denies the allegations contained in Paragraph 34 of the Complaint.

35.     Citibank denies the allegations contained in Paragraph 35 of the Complaint.

36.      The allegations contained in Paragraph 36 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank is without sufficient information to admit or deny the allegations contained in Paragraph 36 of the Complaint.

37.     The allegations contained in Paragraph 37 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank is without sufficient information to admit or deny the allegations contained in Paragraph 37 of the Complaint.

38.     Citibank denies the allegations contained in Paragraph 38 of the Complaint.

39.     Citibank denies the allegations contained in Paragraph 39 of the Complaint.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT § 15 U.S.C. 1681e(b) (Experian, Trans Union and Equifax)

40.     Citibank repeats and realleges its answers to Paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.     The allegations contained in Paragraph 41 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 41 of the Complaint.

42.     The allegations contained in Paragraph 42 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 42 of the Complaint.

43.     The allegations contained in Paragraph 43 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 43 of the Complaint.

44.     The allegations contained in Paragraph 44 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 44 of the Complaint.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### § 15 U.S.C. 1681i(a)(1)
### (Experian, Trans Union and Equifax)

45.     Citibank repeats and realleges its answers to Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.     The allegations contained in Paragraph 46 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 46 of the Complaint.

47.     The allegations contained in Paragraph 47 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 47 of the Complaint.

48.     The allegations contained in Paragraph 48 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 48 of the Complaint.

49.     The allegations contained in Paragraph 49 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 49 of the Complaint.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### § 15 U.S.C. 1681i(a)(2)
### (Experian, Trans Union and Equifax)

50.     Citibank repeats and realleges its answers to Paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51.     The allegations contained in Paragraph 51 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 51 of the Complaint.

52.     The allegations contained in Paragraph 52 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 52 of the Complaint.

53.     The allegations contained in Paragraph 53 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 53 of the Complaint.

54.     The allegations contained in Paragraph 54 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 54 of the Complaint.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### § 15 U.S.C. 1681i(a)(4)
### (Experian, Trans Union and Equifax)

55.     Citibank repeats and realleges its answers to Paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56.     The allegations contained in Paragraph 56 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 56 of the Complaint.

57.     The allegations contained in Paragraph 57 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 57 of the Complaint.

58.     The allegations contained in Paragraph 58 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 58 of the Complaint.

59.     The allegations contained in Paragraph 59 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 59 of the Complaint.

**COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§ 15 U.S.C. 1681i(5)(A)**
**(Experian, Trans Union and Equifax)**

60.     Citibank repeats and realleges its answers to Paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61.     The allegations contained in Paragraph 61 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 61 of the Complaint.

62.     The allegations contained in Paragraph 62 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 62 of the Complaint.

63.     The allegations contained in Paragraph 63 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 63 of the Complaint.

64.     The allegations contained in Paragraph 64 of the Complaint relate to a party other than Citibank and do not require an answer.  To the extent an answer is required, Citibank denies the allegations contained in Paragraph 64 of the Complaint.

**COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§ 15 U.S.C. 1681s-2(b)(1)(A)**
**(Citibank)**

65.     Citibank repeats and realleges its answers to Paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66.     Citibank denies the allegations contained in Paragraph 66 of the Complaint.

67.     Citibank denies the allegations contained in Paragraph 67 of the Complaint.

68.     Citibank denies the allegations contained in Paragraph 68 of the Complaint.

69.     Citibank denies the allegations contained in Paragraph 69 of the Complaint.

**COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§ 15 U.S.C. 1681s-2(b)(1)(B)**
**(Citibank)**

70.     Citibank repeats and realleges its answers to Paragraphs 1 through 69 of the Complaint as if fully set forth herein.

71.     Citibank denies the allegations contained in Paragraph 71 of the Complaint.

72.     Citibank denies the allegations contained in Paragraph 72 of the Complaint.

73.     Citibank denies the allegations contained in Paragraph 73 of the Complaint.

74-78. [The Complaint fails to include such numbered Paragraphs and therefore no answer is required].

79.     Citibank denies the allegations contained in Paragraph 79 of the Complaint.

**COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§ 15 U.S.C. 1681s-2(b)(1)(C) and (D)**
**(Citibank)**

80.     Citibank repeats and realleges its answers to Paragraphs 1 through 79 of the Complaint as if fully set forth herein.

81.     Citibank denies the allegations contained in Paragraph 81 of the Complaint.

82.    Citibank denies the allegations contained in Paragraph 82 of the Complaint.

83.    Citibank denies the allegations contained in Paragraph 83 of the Complaint.

84.    Citibank denies the allegations contained in Paragraph 84 of the Complaint.

### COUNT NINE: VIOLATION OF M.G.L. c. 93, § 54A(a)
### (Citibank)

85.    Citibank repeats and realleges its answers to Paragraphs 1 through 84 of the
Complaint as if fully set forth herein.

86.    Citibank denies the allegations contained in Paragraph 86 of the Complaint.

87.    Citibank denies the allegations contained in Paragraph 87 of the Complaint.

88.    Citibank denies the allegations contained in Paragraph 88 of the Complaint.

89.    Citibank denies the allegations contained in Paragraph 89 of the Complaint.

### COUNT TEN: VIOLATION OF M.G.L. c. 93, § 49 and c. 93A
### (Citibank)

90.    Citibank repeats and realleges its answers to Paragraphs 1 through 89 of the
Complaint as if fully set forth herein.

91.    Citibank admits receiving a letter dated December 11, 2009, states that the letter
speaks for itself, and denies any and all remaining allegations contained in Paragraph 91 of the
Complaint.

92.    Citibank denies the allegations contained in Paragraph 92 of the Complaint.

93.    Citibank denies the allegations contained in Paragraph 93 of the Complaint.

94.    Citibank denies the allegations contained in Paragraph 94 of the Complaint.

95.    Citibank denies the allegations contained in Paragraph 95 of the Complaint.

96.    Citibank denies the allegations contained in Paragraph 96 of the Complaint.

97.    Citibank denies the allegations contained in Paragraph 97 of the Complaint.

98.     Citibank denies the allegations contained in Paragraph 98 of the Complaint.

99.     Citibank denies the allegations contained in Paragraph 99 of the Complaint.

100.    Citibank denies the allegations contained in Paragraph 100 of the Complaint.

101.    Citibank denies the allegations contained in Paragraph 101 of the Complaint.

102.    Citibank denies the allegations contained in Paragraph 102 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to binding arbitration at the election of either Citibank or Plaintiff pursuant to the arbitration agreement contained in the written terms and conditions governing the Account.   Citibank expressly reserves its right to request arbitration of Plaintiff's claims and does not waive such right by asserting this Answer as required by the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must fail as any claims, damages and injuries were caused in whole or in part by the negligence, act, or failure to act of some other person for whose conduct Citibank was not and is not legally responsible.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must fail as any damages and injuries allegedly sustained by Plaintiff were not proximately caused by the acts or failure to act of Citibank.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must fail as she has failed to comply with the terms of the Cardmember Agreement.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must fail as she has failed to mitigate her alleged damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must fail as she has failed to comply with conditions precedent to filing such claims.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must fail as she has failed to plead claims pursuant to Massachusetts General Laws Chapter 93A with the requisite specificity.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations, including, without limitation, 18 U.S.C. § 1681p.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must fail as Citibank did not willfully, knowingly or negligently commit any wrongful, illegal or inappropriate acts.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must fail as some or all of Plaintiff's claims are preempted by federal law and/or are subject to a privilege or qualified privilege, including, without limitation, pursuant to 18 U.S.C. §§ 1681t(b)(1)(F) and/or 1681h(e).

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must fail as any statements made by Citibank to credit bureaus were truthful.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrines of contributory and/or comparative negligence based on the negligence of Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to set off based on amounts due and owing on the Account.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to include indispensable parties in this litigation, thereby requiring the action to be stayed or dismissed pending such amendment.


WHEREFORE, Citibank respectfully requests that this Court dismiss the Complaint and enter such other and further relief as is just and proper.

CITIBANK (SOUTH DAKOTA), N.A.,
By its attorney,

/s/ Jason A. Manekas
Jason A. Manekas, Esquire
  BBO No. 632073
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone:      (617) 790-3000
Facsimile:      (617) 790-3300
E-mail:         jmanekas@bg-llp.com

Dated: December 8, 2010

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CAROLEE RADA,
                    Plaintiff,

v.                                                    Civil Action No. 1:10-CV-11676-RWZ

EXPERIAN INFORMATION SOLUTIONS,
INC., TRANS UNION, LLC, EQUIFAX
INFORMATION SERVICES, LLLC and
CITIBANK, (SOUTH DAKOTA), N.A.,
                    Defendants.

## CERTIFICATE OF SERVICE

I, Jason A. Manekas, hereby certify that a copy of the Answer of Defendant Citibank

(South Dakota), N.A. was served electronically to the registered participants as identified on the

Notice of Electronic Filing and paper copies will be sent via First Class Mail to any persons

indicated as non-registered participants on December 8, 2010.

Signed under the pains and penalties of perjury this 8th day of December, 2010.

CITIBANK (SOUTH DAKOTA), N.A.,
By its attorney,

/s/ Jason A. Manekas
Jason A. Manekas, Esquire
 BBO No. 632073
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone:     (617) 790-3000
Facsimile:      (617) 790-3300
E-mail:          jmanekas@bg-llp.com

505690 v2/37635/55