UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLEE RADA,<br>　　　　　　Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLLC and CITIBANK, (SOUTH DAKOTA), N.A.,<br>　　　　　　Defendants. | Civil Action No. 1:10-CV-11676-RWZ |

### AFFIDAVIT OF CATHLEEN A. WALTERS IN SUPPORT OF DEFENDANT CITIBANK (SOUTH DAKOTA), N.A.'S MOTION TO COMPEL ARBITRATION

I, Cathleen A. Walters, declare and state as follows:

1.　　I am over 21 years of age, have never been convicted of a felony, and am competent to testify to the statements set forth in this affidavit.

2.　　I am a Senior Vice President of Citicorp Credit Services, Inc., a servicing company for Citibank (South Dakota), N.A. ("Citibank"), the issuer of Plaintiff Carolee Rada's credit card at issue in this lawsuit. Citibank is a national banking association with its principal place of business in South Dakota. I have been employed by Citicorp Credit Services, Inc. or its predecessors for approximately 14 years. My current responsibilities include creating, maintaining and distributing card agreements and change in terms notices to Citibank's cardmembers. In my capacity as Senior Vice President, I have knowledge and access to information in the normal course of business regarding the practices of Citibank and certain of its affiliates with respect to the channels by which notices are sent on behalf of Citibank to cardmembers. I also have knowledge of, and am generally familiar with, the ongoing credit card

business operations and practices of Citibank. I have access to the business records relating to credit card accounts issued by Citibank, including the credit card accounts issued to Ms. Rada.

3. The exhibits to this declaration are all true and correct business records created and maintained by Citibank, or its affiliates, in the course of regularly conducted business activity, and as part of the regular practice of Citibank to create and maintain such records, and also were made at the time of the act, transaction, occurrence or event or within a reasonable time thereafter. The statements set forth in this declaration are true and correct to the best of my knowledge, information and belief. Except where based upon information provided by persons working under my direction and supervision, the statements contained herein are based on my personal knowledge or review of Citibank's records, including records pertaining to credit card accounts issued to Ms. Rada. If called as a witness, I am competent to testify to the statements contained herein.

4. I have reviewed the Complaint filed in this action and understand that Ms. Rada has sued in connection with a Citibank credit card account issued in her name (the "Account"). Citibank's records for the Account at issue, which currently ends in account no. 7083, reflect that it was opened at Ms. Rada's request in or about December 2001. Since that date, Ms. Rada has used the Account by making purchases and payments on the Account. Based on my review of her account records, I have determined that the Account – and Ms. Rada's claim - is subject to an arbitration agreement.

5. Ms. Rada's Account is subject to a written terms and conditions as reflected in a Card Agreement, as amended from time to time. Attached hereto as Exhibit 1 is a representative sample of the Citibank Card Agreement (the "Card Agreement") that would have been sent to

6.	Citibank's records reflect that a Card Agreement was mailed to Ms. Rada on or about December 30, 2004, a representative sample of which is attached hereto as Exhibit 2.  Ms. Rada continued to use the Account after receiving the Card Agreement in or about December 2004.

7.	In February 2005, consistent with the terms of her existing Card Agreement, Citibank caused to be mailed to Ms. Rada a Notice of Change in Terms (the "Change-in-Terms"), a copy of which is attached hereto as Exhibit 3.  The Change-in-Terms advised Ms. Rada of amendments to the Card Agreement, including the removal of one of the arbitration firms and the amendment of the severability clause contained in the Arbitration Agreement.

8.	Ms. Rada was permitted, by taking steps as set forth in the Change-in-Terms, to opt out of the changes set forth in that notice.  Citibank's records do not reflect that Ms. Rada opted out.  Rather, Ms. Rada continued to use the Account after receiving the Change-in-Terms.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 5, 2011 at Long Island, New York.

/s/ Cathleen A. Walters
Cathleen A. Walters

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLEE RADA,<br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLLC and CITIBANK, (SOUTH DAKOTA), N.A.,<br>    Defendants. | Civil Action No. 1:10-CV-11676-RWZ |

## **CERTIFICATE OF SERVICE**

  I, Jason A. Manekas, hereby certify that a copy of the Affidavit of Cathleen A. Walters in Support of Defendant Citibank (South Dakota), N.A.'s Memorandum in Support of Its Motion To Compel Arbitration was served electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via First Class Mail to any persons indicated as non-registered participants on January 6, 2011.

  Signed under the pains and penalties of perjury this 6th day of January 6, 2011.

              CITIBANK (SOUTH DAKOTA), N.A.,
              By its attorney,

              /s/ Jason A. Manekas
              Jason A. Manekas, Esquire
               BBO No. 632073
              Bernkopf Goodman LLP
              125 Summer Street, Suite 1300
              Boston, Massachusetts 02110
              Telephone: (617) 790-3000
              Facsimile: (617) 790-3300
              E-mail:  jmanekas@bg-llp.com

507534 v1/37635/55